OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellant Michael Simmons appeals the decision of the Jefferson County Court of Common Pleas resentencing him to a fifteen year prison term. Simmons claims that the trial court erred by relying upon unreliable or inaccurate information when imposing consecutive non-minimum sentences. Simmons also claims that his sentence violates both the ex-post facto clause and due process clauses of the U.S. Constitution. Because neither of these claims have merit, the decision of the trial court is affirmed.
 {¶ 2} This case originated from a jury trial that resulted in Simmons being convicted of one count of corrupting another with drugs with a school specification, a first degree felony; one count of trafficking in drugs with a juvenile specification, a felony of the third degree; one count of tampering with evidence, a felony of the third degree; and, one count of possession of drugs, a felony of the fourth degree. Simmons was originally sentenced on January 12, 2006 to eight years, three years, three years, and twelve months respectively on each of these counts. The sentences were ordered to be served consecutively, for a total of fifteen years.
 {¶ 3} Simmons filed an appeal with this court asserting eleven assignments of error challenging both his convictions and his sentence. This court upheld his conviction in State v. Simmons, 7th Dist. No. 06 JE 4, 2007-Ohio-1570, but vacated Simmons' sentence and remanded the matter for resentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. A resentencing hearing was conducted and the original sentence was reimposed.
 {¶ 4} As his sole assignment of error, Simmons claims:
 {¶ 5} "The trial court's sentence violates the ex-post facto clause and due process clause of the constitution."
 {¶ 6} Although the wording of this assignment suggests that Simmons is merely challenging his sentence based upon an ex post facto and due process violation, the bulk of Simmons' argument on appeal is that at the resentencing hearing, the trial court based its decision to impose non-minimum consecutive sentences on a prior conviction that Simmons disputes ever existed. Simmons further argues that the trial court improperly *Page 2 
engaged in the type of fact-finding previously required by R.C. 2929.14(E)(4).
 {¶ 7} First with respect to Simmons' claim that the trial court engaged in improper fact-finding, we note that in Foster, the Ohio Supreme Court held that R.C. 2929.14(B) was unconstitutional because it violated the defendant's right to a jury trial. When making this conclusion, the Ohio Supreme Court relied on the decisions inBlakely v. Washington (2004) 542 U.S. 296 and United States v.Booker (2005), 543 U.S. 220. In Blakely, the United States Supreme Court clarified its holding in Apprendi v. New Jersey, 530 U.S. 466, 490, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," by defining what the Court meant by the phrase "statutory maximum." Blakely held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflectedin the jury verdict or admitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Citations omitted) Id. at 303-304.
 {¶ 8} When reaching this conclusion, the United States Supreme Court was careful to clarify that a defendant's right to a jury trial is not violated when a judge finds facts when determining an appropriate sentence; a judge only does so when that judge find facts mandated by statute when determining an appropriate sentence. Id. at 308-309.
 {¶ 9} "First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial fact-finding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *Page 3 right to a lesser sentence-and that makes all the difference insofar as judicial impingement on the traditional role of a jury is concerned." Id.
 {¶ 10} The Court's subsequent decision in Booker further demonstrated that the only thing in this context which violates a defendant'sSixth Amendment right to a jury trial is when a judge is required to find particular facts before increasing a defendant's sentence. That decision dealt with the constitutionality of the federal sentencing structure. The Court determined that trial courts violated defendants' rights when they sentenced them pursuant to the federal sentencing guidelines. Id. at 243-244. But when fashioning a remedy to this constitutional violation, the Court simply made those guidelines advisory, rather than mandatory. Id. at 245-246. Thus, the United States Supreme Court has clearly held that judges are allowed to find facts at sentencing. They just cannot be legislatively mandated to find a particular fact in order to increase an offender's sentence.
 {¶ 11} The Ohio Supreme Court recognized this distinction inFoster. Although the Ohio Supreme Court held that the statutes, such as R.C. 2929.14(B), which mandated that certain findings were to be made, were unconstitutional, it held that other statutes, such as R.C. 2929.12, which only required that a trial court "consider" certain factors at sentencing, passed constitutional muster. Id. at ¶ 42.
 {¶ 12} "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are unconstitutional." Id. at ¶ 83.
 {¶ 13} In other words, both the United States and Ohio Supreme Courts have recognized that judges must make factual findings when making appropriate sentencing *Page 4 
decisions. These courts merely held that judicial fact-findings violate a defendant's right to a jury trial when statutes mandate that a trial court find certain facts in order to increase an offender's sentence beyond that authorized solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 {¶ 14} Accordingly, Simmons' argument that courts are no longer permitted to fact-find is clearly wrong. Thus, we reject this argument.
 {¶ 15} With respect to the argument that after Foster, non-minimum and consecutive sentences are violative of the ex post facto and due process clauses of the constitution, this court in State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572, held that this argument is meritless, citing to numerous state and federal cases which have reached the same conclusion. Simmons' has failed to offer any reason why this court should ignore our prior holdings. Accordingly, this portion of Simmons' argument is meritless.
 {¶ 16} Next, Simmons claims that the trial court erred by sentencing him to non-minimum consecutive sentences based upon unreliable information. More specifically, Simmons argues that the following exchange demonstrates that the trial court erroneously concluded that Simmons had a juvenile record and would be likely to recidivize:
 {¶ 17} "The Court: Now, Mr. Simmons, my records indicated that you did have some juvenile convictions. Is that not true?
 {¶ 18} Simmons: I never had no juvenile convictions.
 {¶ 19} The Court: You were never in the juvenile court?
 {¶ 20} Simmons: I was in the juvenile court but the charges were dropped and I never been in trouble before that time or after that time as a juvenile.
 {¶ 21} The Court: You never received penalties any penalties in the juvenile court?
 {¶ 22} Simmons: No.
 {¶ 23} The Court: You were never placed on probation?
 {¶ 24} Simmons: No.
 {¶ 25} The Court: You were never placed in detention?
 {¶ 26} Simmons: I mean, I was placed in detention but the charges ended up being *Page 5 
dropped that I was held for.
 {¶ 27} The Court: Okay.
 {¶ 28} Prosecutor: Your Honor, I'm looking at his — we have the juvenile file now but in terms of his adult record, it was Case Number 03-CR-127. He was convicted at that time of weapons under disability, as well as carrying a concealed weapon and he was sentenced to 3 years of community control in that case. For him to have been convicted of weapons under disability in that case he had a prior conviction. According to Mr. Bruzzese's notes he had a juvenile record that led to that weapons under disability conviction in the first place and then he was placed on 3 years probation as a result of the case in 03-CR-127."
 {¶ 29} Simmons claims that the trial court should not have relied upon hand written notes to impose non-minimum consecutive sentences "especially since the Appellant vehemently denies he had a juvenile record." Significantly, Simmons did not deny he had a juvenile record when the same information was entered into the record at his initial sentencing. Thus, it could be argued that Simmons' failed to bring an objection to this information at the earliest time and therefore has waived his ability to do so later on because the issue would be res judicata.
 {¶ 30} Moreover, when assessing witness credibility, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. Thus, if the trial court decided not to believe Simmons' self-serving claim that he did not have a juvenile record, we cannot second guess that determination.
 {¶ 31} Furthermore, even if Simmons' claim that he did not have a juvenile record was true, it would appear that any error in taking the record into account would be harmless as the prosecution brought in further evidence of Simmons' adult criminal record. More specifically, the prosecutor stated that Simmons' was charged with possession of drugs in municipal court which resulted in the revocation of his probation in the weapons under disability case. This is evidence of at least two prior convictions *Page 6 
before the one at issue in this case. Because the trial court had this additional information which Simmons does not challenge, this claim is also meritless.
 {¶ 32} Accordingly, for all of these reasons, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1