[Cite as *State v. Simmons*, 2013-Ohio-1013.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 07 JE 22 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| MICHAEL SIMMONS, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Application for Reopening,
Criminal Appeal from Common Pleas
Court, Case No. 05 CR 130.


JUDGMENT: Application Denied.


APPEARANCES:
For Plaintiff-Appellee: Attorney Jane Keenan
Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, OH 43952


For Defendant-Appellant: Michael Simmons, Pro-se
P.O. Box 120-491890 W.C.I.
Lebanon, OH 45036


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated: March 13, 2013

PER CURIAM:

{¶1}   Appellant Michael Simmons, acting pro se, has filed an application to reopen his appeal based on a claim of ineffective assistance of appellate counsel pursuant to App. R. 26(B).  Because Simmons has failed to demonstrate good cause for the untimeliness of the application, it is denied.

{¶2}   Following a jury trial, Simmons was convicted of one count of corrupting another with drugs with a school specification; one count of trafficking in drugs with a juvenile specification; one count of tampering with evidence; and one count of possession of drugs.  Simmons was originally sentenced on January 12, 2006 to 8 years; 3 years; 3 years; and 12 months respectively on each of these counts.  The sentences were ordered to be served consecutively, for a total of 15 years.

{¶3}   Simmons filed a direct appeal with this court asserting eleven assignments of error that challenged both his convictions and sentence.  In *State v. Simmons*, 7th Dist. No. 06 JE 4, 2007-Ohio-1570 (*Simmons I*), this court upheld his convictions, but vacated Simmons' sentence and remanded the matter for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856.  A resentencing hearing was conducted and the original sentence was reimposed.

{¶4}   Simmons appealed from the resentencing, alleging due process and ex post facto violations, which this court found meritless, upholding the sentence.  *State v. Simmons*, 7th Dist. No. 07 JE 22, 2008-Ohio-3337 (*Simmons II*).  Simmons appealed that judgment to the Ohio Supreme Court, which did not accept the case for review.  *State v. Simmons*, 120 Ohio St.3d 1417, 2008-Ohio-6166, 897 N.E.2d 653 (Table).

{¶5}   Subsequently, on December 11, 2009, Simmons filed a motion in the trial court to vacate his sentence.  He argued that the trial court improperly imposed post-release control and requested a new sentencing hearing, which the trial court granted.  At this second resentencing, the trial court again imposed the same 15-year aggregate sentence.  This time, the trial court correctly imposed post-release control.  Simmons appealed from that judgment and this court affirmed.  *State v. Simmons*, 7th Dist. No. 10-JE-4, 2011-Ohio-2625 (*Simmons III*).

**{¶6}** On December 27, 2012, Simmons filed an application for reopening, listing appellate court Case Numbers 06 JE 4 and 07 JE 22 (*Simmons I* and *Simmons II*). The State has not filed a response. The following will address the application as it pertains to Case Number 07 JE 22 (*Simmons II*) only.

**{¶7}** App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Simmons has failed to meet this deadline. Our opinion in his appeal from the 2007 resentencing (Case Number 07 JE 22) was journalized on June 24, 2008. Simmons filed his application for reopening on December 27, 2012, well over four years after the deadline expired. Thus, we can only review the merits of Simmons' application if he can establish good cause for his untimely filing.

**{¶8}** Simmons contends that he failed to file the application sooner due to the apparent misspelling of a case name within the transcription of the 2007 resentencing hearing. The case name appears to have been cited by defense counsel during the hearing, and was spelled "State v. Pelfree," in the transcript.

**{¶9}** Simmons quotes the following passage, which purportedly comes from the 2007 resentencing transcript, though he has failed to furnish that transcript for this court to review with the application pursuant to App.R. 26(B)(2)(e).

> MR. VUKELIC: He also asked that I present the arguments under the case of State v. Pelfree that corrupting another with drugs which this court and jury found him guilty of should have been sentenced under guidelines of a felony of the fourth degree instead of a felony of the first degree due to the fact that the jury was not able to make a determination or findings regarding that type of drug that was involved in the offense involving the possession and the tampering charge. (Application for Reopening, p. 1.)

**{¶10}** Simmons asserts that he was unable to find the "Pelfree" case through his research while incarcerated until the prison obtained access to an electronic research and

he discovered the accurate spelling was "Pelfrey." (*State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.) He claims that had he known of the actual case name sooner, he would have used a legal proposition therein as the basis of a timely application for reopening, namely that "[t]rial counsel was ineffective for not ensuring the correctness of the jury verdict form prior to the conclusion of the jury deliberations." (Application for Reopening, p. 2.)

**{¶11}** This does not constitute good cause for the untimeliness of the present application. Even assuming the above passage is an accurate quotation from the 2007 resentencing hearing, it demonstrates that Simmons was aware of the legal proposition cited by counsel, and (although it is not entirely clear from the excerpt) perhaps even suggested that counsel raise the issue during the resentencing hearing. In any event, the apparent misspelling in the case name did not prohibit Simmons from filing a timely application for reopening. The fact that Simmons was incarcerated or untrained in the law does not establish good cause either. *See State v. Dew,* 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶8; *State v. Ramirez,* 8th Dist. No. 78364, 2005-Ohio-378, ¶4.

**{¶12}** Further, an application to reopen *this* appeal, Case Number 07 JE 22, would have to raise an issue concerning ineffective assistance of appellate counsel during the appeal of Simmons' 2007 resentencing. The jury verdict form issue raised by Simmons has no bearing on that proceeding.

**{¶13}** Because Simmons has failed to establish good cause for the delay in filing for reopening his appeal, his application for reopening is denied.

DeGenaro, P.J.

Donofrio, J.

Waite, J.