[Cite as *State v. Simmons*, 2013-Ohio-5282.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 JE 2 |
| V. | ) | |
| | ) | OPINION |
| MICHAEL SIMMONS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 03CR127

JUDGMENT:       Affirmed

APPEARANCES:
For Plaintiff-Appellee       Jane Hanlin, Prosecutor
Jefferson County Justice Center
16001 S.R. 7
Steubenville, Ohio 43952

For Defendant-Appellant       Michael Simmons, Pro-se
A491-890
Warren Correctional Institution
P.O. Box 120
3A-132
Lebanon, Ohio 45036

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 2, 2013

DONOFRIO, J.

{¶1} Defendant-appellant Michael Simmons appeals the judgment of the Jefferson County Common Pleas Court overruling his pro se motion to correct sentence.

{¶2} On September 30, 2003, Simmons pleaded guilty in Case No. 03-CR-127 to carrying a concealed weapon in violation of R.C. 2923.13, a fourth-degree felony.[1] The sentencing court placed Simmons on community control sanctions for a period of 3 years. On May 10, 2004, Simmons was found to have violated those sanctions and was sentenced to 6 months imprisonment, followed by 4 years of community control.

{¶3} Thereafter, on August 11, 2005, Steubenville police arranged for a confidential informant, who had dealt with Simmons in the past, to make a controlled purchase of crack cocaine from him. Simmons arrived to meet the informant in an alley less than 500 feet from Steubenville High School with a sixteen-year-old juvenile in the passenger seat. According to the informant, she gave Simmons the marked money in exchange for crack cocaine.

{¶4} Upon hearing the exchange was completed, the police entered the alley with lights and sirens activated. When appellant did not immediately stop, they forced his vehicle to a stop. The marked money was not found in the vehicle or on its occupants. In retracing the path of the chase, the police discovered the marked money and crack cocaine in a vacant grassy lot.

{¶5} Thereafter, the Jefferson County Common Pleas Court found that Simmons again violated the terms of the community control sanctions previously imposed upon him in Case No. 03-CR-127. On August 29, 2005, the court sentenced Simmons to 15 months imprisonment. The court granted Simmons jail-time credit of 258 days. *See* 10/12/2005 J.E. Nunc Pro Tunc. Thus, Simmons term of imprisonment was to run from August 29, 2005, until March 16, 2006.

{¶6} Meanwhile, on October 5, 2005, Simmons was indicted in Case No. 05-

---

1. The facts and procedural history of this case are set forth largely verbatim from *State v. Simmons*, 7th Dist. No. 06-JE-4, 2007-Ohio-1570, at ¶¶ 2-5 (*Simmons I*), and *State v. Simmons*, 7th Dist. No. 07-JE-2, 2013-Ohio-1013, at ¶¶ 2-6, (per curiam)(*Simmons IV*), respectively.

CR-130 on four counts stemming from the controlled purchase of drugs. The case was consolidated with Case No. 03-CR-127. On December 14, 2005, Simmons was arraigned, and the case was set for a January 5, 2006 trial.

{¶7} Following a jury trial, Simmons was convicted of one count of corrupting another with drugs with a school specification; one count of trafficking in drugs with a juvenile specification; one count of tampering with evidence; and one count of possession of drugs. Simmons was originally sentenced on January 12, 2006 to 8 years; 3 years; 3 years; and 12 months respectively on each of these counts. The sentences were ordered to be served consecutively, for a total of 15 years. Additionally, Simmons received 6 days of jail-time credit for the time served between his convictions and sentencing.

{¶8} Simmons filed a direct appeal with this court asserting eleven assignments of error that challenged both his convictions and sentence. In *State v. Simmons*, 7th Dist. No. 06 JE 4, 2007-Ohio-1570, (*Simmons I*), this court upheld his convictions, but vacated Simmons's sentence and remanded the matter for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A resentencing hearing was conducted and the original sentence was reimposed.

{¶9} Simmons appealed from the resentencing, alleging due process and ex post facto violations, which this court found meritless, upholding the sentence. *State v. Simmons*, 7th Dist. No. 07 JE 22, 2008-Ohio-3337, (*Simmons II*). Simmons appealed that judgment to the Ohio Supreme Court, which did not accept the case for review. *State v. Simmons*, 120 Ohio St.3d 1417, 2008-Ohio-6166, 897 N.E.2d 653.

{¶10} Subsequently, on December 11, 2009, Simmons filed a motion in the trial court to vacate his sentence. He argued that the trial court improperly imposed post-release control and requested a new sentencing hearing, which the trial court granted. At this second resentencing, the trial court again imposed the same 15-year aggregate sentence. This time, the trial court correctly imposed post-release control.

Simmons appealed from that judgment and this court affirmed. *State v. Simmons*, 7th Dist. No. 10-JE-4, 2011-Ohio-2625, (*Simmons III*).

**{¶11}** On September 14, 2011, Simmons filed a motion in the trial court for additional jail-time credit and attached a memorandum in support. Therein, Simmons asserted that he was entitled to 161 days of jail-time credit (August 11, 2005 – January 18, 2006) against his 15-year sentence.

**{¶12}** On September 15, 2011, the trial court overruled Simmons's motion for jail-time credit, asserting that "[a]ll jail time credit has been correctly calculated and credited in both cases."

**{¶13}** On June 14, 2012, Simmons filed another motion in the trial court for correction of jail-time credit. This time, Simmons asserted that his sentences in 03-CR-127 and 05-CR-130 were to run concurrently. On this basis, Simmons further asserted that he was entitled to 425 days of jail-time credit (264 days from Case No. 03-CR-130 plus another 161 days preceding his sentencing in Case No. 05-CR-130).

**{¶14}** That same day, the trial court again overruled Simmons's motion.

**{¶15}** Thereafter, Simmons filed a pro se notice of appeal in this Court.

**{¶16}** On August 13, 2012, this Court sua sponte dismissed Simmons's appeal. Specifically, this Court noted that Simmons's notice of appeal was untimely and that, moreover, Simmons failed to appeal from the trial court's initial order dated September 15, 2011, overruling his first motion for jail-time credit.

**{¶17}** On December 3, 2012, Simmons filed a motion in the trial court to correct sentence, asking the trial court to determine whether the sentence imposed in Case No. 05-CR-130 was to run concurrently with, or consecutively to, that imposed in Case No. 03-CR-127. Simmons asserted that the trial court should find that his sentences were to run concurrently, and that he is therefore entitled to 425 days of jail-time credit.

**{¶18}** On December 19, 2012, the trial court overruled Simmons's motion to correct sentence. The trial court noted that sentences were correctly ordered, that proper credit for time served was given in each case, and that "the sentence for Case

No. 03-CR-127 was served *prior to* imposition of the sentence in Case No. 05-CR-130." (Emphasis added.)

**{¶19}** Thereafter, Simmons filed an application for reopening in this Court on December 27, 2012. On March 12, 2013, this Court denied Simmons's application because he failed to demonstrate good cause for the application's untimeliness.

**{¶20}** On January 8, 2013, this Court also denied Simmons's application for reconsideration, which he filed on November 26, 2012.

**{¶21}** Subsequently, Simmons appealed the trial court's December 19, 2012, judgment, overruling his motion to correct sentence.

**{¶22}** On appeal, Simmons raises two interrelated assignments of error. Specifically, Simmons argues that:

> THE COURT NEVER STATED WETHER [sic] OR NOT THE DEFENDANT'S TWO CASES WERE TO RUN CONCURRENT OR CONSECUTIVE TO EACH OTHER AND THE COMMON PLEAS COURT ABUSED THEIR DISCRETION BY OVERRULING DEFENDANT'S MOTION TO CORRECT.

> DEFENDANT DID NOT RECEIVE HIS JAIL-TIME CREDIT AND THE COURT OF COMMON PLEAS ABUSED THEIR DISCRETION IN OVERRULING APPELLANT' [sic] MOTION TO CORRECT SENTENCE.

**{¶23}** Additionally, under these two assignments of error, Simmons presents one issue for review:

> DID THE COURT OF COMMON PLEAS ABUSE THEIR DISCRETION BY OVERRULING DEFENDANT'S MOTION TO CORRECT SENTENCES AND GRANT DEFENDANT HIS JAIL TIME CREDIT?

{¶24} Simmons argues that the trial court abused its discretion when it overruled his motion to correct. Simmons asserts that in its sentencing entry for Case No. 05-CR-130, the trial court failed to specify whether that sentence was to run concurrently with, or consecutively to, his sentence in Case No. 03-CR-127. Simmons asserts that because he was serving his sentence in Case No. 03-CR-127 at the time he was sentenced in Case No. 05-CR-130, the trial court should have run his sentences concurrently and that, accordingly, the trial court abused its discretion by overruling his motion to correct sentence. In support, Simmons cites R.C. 2929.41 and asserts that this provision provides that a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. Simmons makes no further argument under this assignment of error.

{¶25} On this basis, Simmons argues under his second assignment of error that he has not received proper jail-time credit and that, accordingly, "the court of common pleas abused their discretion in overruling defendant's motion for jail-time credit." In support, Simmons cites R.C. 2967.191, in conjunction with *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. Simmons asserts that R.C. 2967.191 requires that "a defendant receive jail-time credit against a sentence that may be imposed for the pending charges if the defendant is ultimately convicted of the charges." Moreover, Simmons points to *Fugate* for the proposition that jail time served for a previous conviction must be credited against a subsequently imposed jail sentence where the defendant is still serving his first sentence at the time the subsequent sentence is imposed.

{¶26} Simmons asserts that, in sum, his sentence should be corrected to state that his multiple prison terms are to be served concurrently and that, as a result, he is entitled to 425 days of jail-time credit (254 days for Case No. 03-CR-127, plus 161 days served, preceding the imposition of his sentence in Case No. 05-CR-130).

{¶27} Initially, it should be noted that Simmons's first assignment of error is merely a premise from which he once again argues for additional jail-time credit. Ultimately then, Simmons is simply bringing the same appeal – only under a different

theory – as that dismissed sua sponte by this Court in its August 13, 2012 judgment entry.

**{¶28}** Consequently, Simmons's claims are barred by res judicata. The Ohio Supreme Court has made clear "that issues that could have been raised on direct appeal and were not are res judicata and not subject to review in subsequent proceedings." *State v. Davies*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E. 2d 1221, ¶6.

**{¶29}** As aforementioned, although Simmons appealed once before from the trial court's *second* entry (June 14, 2012) overruling his *second* motion for additional jail-time credit, he did not appeal from the trial court's *first* entry (September 15, 2011) denying his *initial* request for jail-time credit. Accordingly, this Court dismissed Simmons's appeal sua sponte, noting that he had failed to assert his right to appeal on the issue of additional jail-time credit.

**{¶30}** Thus, res judicata bars Simmons's claim for jail-time credit in the instant case on two separate bases: (1) as this Court noted in its August 13, 2012 judgment entry, Simmons could have and should have raised this issue, but did not, on his first direct appeal, which he did not take, from the trial court's first entry denying his request for jail-time credit; and alternatively, (2) under the doctrine of res judicata, this Court's August 13, 2012 judgment entry dismissing Simmons's appeal on what also appears to be res judicata grounds constitutes an absolute bar to this subsequent action involving the same jail-time credit claim.

**{¶31}** Accordingly, the issues raised by Simmons in this appeal are barred by res judicata. However, even if res judicata were inapplicable here, Simmons's arguments would still fail.

**{¶32}** R.C. 2967.191's jail-time credit provision is only allowed for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Here, unlike the defendant in *Fugate*, Simmons was not held on the four charges in the new case (Case No. 05-CR-130) at the time the sentence was imposed for violating community

control in Case No. 03-CR-127. R.C. 2967.191's jail-time credit provision "does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." *State v. Ways*, 2d Dist. No. 25214, 2013-Ohio-293, ¶ 20. *See also State ex rel. Rankin v. Mohr*, 130 Ohio St.3d 400, 2011-Ohio-5934, 958 N.E.2d 944, ¶ 2 (holding that even under *Fugate*, a defendant is not entitled to credit for confinement for other crimes before receiving the subsequent sentence).

**{¶33}** In sum, the issues raised by Simmons in this appeal are barred by the doctrine of res judicata. However, even they were not, the trial court did not improperly calculate and/or administer jail-time credit despite there being no mention of whether Simmons's sentences were to run consecutively or concurrently.

**{¶34}** Accordingly, Simmons's assignments of error are without merit.

**{¶35}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.