[Cite as *State v. Simmons*, 2011-Ohio-2625.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )
        PLAINTIFF-APPELLEE,             )
                                        )
VS.                                     )        CASE NO. 10-JE-4
                                        )
MICHAEL SIMMONS,                        )        OPINION
                                        )
        DEFENDANT-APPELLANT.            )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Jefferson County, Ohio
                                 Case No. 05CR130

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           Jane M. Hanlin
                                 Prosecuting Attorney
                                 Thomas R. Straus
                                 Ass't. Prosecuting Attorney
                                 16001 State Route 7
                                 Steubenville, Ohio 43952

For Defendant-Appellant          Attorney Keith O'Korn
                                 440 Polaris Parkway, Suite 150
                                 Westerville, Ohio 43082

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated: May 26, 2011

DONOFRIO, J.

{¶1}  Defendant-appellant, Michael Simmons, appeals from a Jefferson County Common Pleas Court judgment resentencing him for convictions of corrupting a minor, trafficking in crack cocaine, tampering with evidence, and possession of crack cocaine.

{¶2}  The facts of this case were set out in *State v. Simmons*, 7th Dist. No. 06-JE-4, 2007-Ohio-1570 (*Simmons 1*), at ¶¶2-3:

{¶3}  "On August 11, 2005, a confidential informant arranged to purchase crack cocaine from appellant, with whom the confidential informant had dealt in the past. The Steubenville police searched the informant, provided her with $300 in marked money, wired her and set up surveillance. Appellant arrived to meet the informant in an alley less than 500 feet from Steubenville High School with a sixteen-year-old juvenile in the passenger seat. According to the informant, she gave appellant the $300 in marked money in exchange for two bags later confirmed to contain 2.46 grams of crack cocaine.

{¶4}  "Upon hearing the exchange was completed, the police entered the alley with lights and sirens activated. When appellant did not immediately stop, they forced his vehicle to a stop. The marked money was not found in the vehicle or on its occupants. In retracing the path of the chase, the police discovered the $300 in marked money and .96 grams of crack cocaine in a vacant grassy lot."

{¶5}  Appellant was subsequently indicted and convicted on one count of corrupting a minor, a first-degree felony in violation of R.C. 2925.02(A)(4)(c)(C)(1), with a specification that the offense was committed in the vicinity of a school; one count of trafficking in crack cocaine in an amount that equals or exceeds one gram but is less than five grams, a third-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(c), with a specification that the offense was committed in the vicinity of a school or a juvenile; one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1); and one count of possession of crack cocaine in an amount that equals or exceeds one gram but is less than five grams, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(4)(b).

**{¶6}** The trial court sentenced appellant to a total of 15 years in prison (eight years for corrupting a minor, three years for trafficking in crack cocaine, three years for tampering with evidence, and 12 months for possession of crack cocaine).

**{¶7}** Appellant appealed and this court affirmed his conviction but vacated his sentence and remanded the matter for resentencing. *Simmons 1*, supra.

**{¶8}** On remand, the trial court held a resentencing hearing and again imposed the same 15-year sentence. Appellant filed an appeal from this resentencing judgment. *State v. Simmons*, 7th Dist. No. 07-JE-22, 2008-Ohio-3337 (*Simmons 2*). This time, we affirmed appellant's sentence. *Simmons 2*.

**{¶9}** On December 11, 2009, appellant filed a motion in the trial court to vacate his sentence. He argued that the trial court improperly imposed his postrelease control by stating that he "may" be subject to postrelease control instead of "shall" be subject to postrelease control, rendering his sentence void. He requested a new sentencing hearing.

**{¶10}** The trial court, finding that it did in fact improperly impose postrelease control, granted appellant's motion for a new sentencing hearing. It held a resentencing hearing once again imposing the same 15-year total sentence. This time, the trial court stated that appellant "shall" be subject to a period of postrelease control.

**{¶11}** Appellant filed a timely notice of appeal from this judgment on February 26, 2010.

**{¶12}** Appellant raises 11 assignments of error stating respectively, numbers one through nine and eleven:

**{¶13}** "THE COURT ERRED BY (1) NOT PERMITTING COURT-APPOINTED COUNSEL TO WITHDRAW AND APPOINTING ANOTHER ATTORNEY OR (2) NOT CONTINUING THE TRIAL DATE AT LEAST ONCE SO THAT APPELLANT AND HIS FAMILY COULD RETAIN HIS COUNSEL OF CHOICE THEREBY DEPRIVING APPELLANT OF HIS DUE PROCESS AND EQUAL

PROTECTION RIGHTS AND HIS RIGHT TO A FAIR TRIAL AND COUNSEL OF CHOICE * * *."

{¶14} "THE ADMISSION OF 'OTHER ACTS' EVIDENCE AGAINST APPELLANT, INCLUDING UNSUBSTANTIATED ALLEGATIONS THAT HE 'TOOK OVER' SOMEONE ELSE'S DRUG BUSINESS, THAT HE TRADED STOLEN CREDIT CARDS FOR DRUGS, AND THAT HE ENGAGED IN SIX TO SEVEN PRIOR SALES OF COCAINE, CONSTITUTED PLAIN ERROR AND DEPRIVED APPELLANT OF HIS * * * [CONSTITUTIONAL RIGHTS]."

{¶15} "THE FOLLOWING INSTANCES OF IMPROPER CONDUCT BY THE PROSECUTING ATTORNEY, INDIVIDUALLY OR IN THE AGGREGATE, DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS AND A FUNDAMENTALLY FAIR JURY TRIAL * * *."

{¶16} "THE DEFECTIVE JURY INSTRUCTION ON THE COUNT OF CORRUPTING ANOTHER (A JUVENILE) WITH DRUGS CONSTITUTED STRUCTURAL AND/OR PLAIN ERROR AND DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS AND RIGHT TO A JURY DETERMINATION ON EACH ELEMENT OF THE CRIME CHARGED * * *."

{¶17} "THE COURT'S 'OFF THE RECORD' COMMUNICATION WITH THE JURY CONTRAVENED CRIM.R. 22 AND CRIM.R. 43(A), CONSTITUTED STRUCTURAL ERROR, AND VIOLATED APPELLANT'S RIGHT[S] * * *."

{¶18} "APPELLANT'S CONVICTION FOR CORRUPTING ANOTHER (A JUVENILE) WITH DRUGS IS NOT SUPPORTED BY SUFFICIENT EVIDENCE * * * AND/OR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE * * *."

{¶19} "THE STATE'S USE OF THE ALLEGED JUVENILE ACCOMPLICE'S DELINQUENCY ADJUDICATION FOR COMPLICITY TO TRAFFICKING IN CRACK COCAINE AS SUBSTANTIVE EVIDENCE OF APPELLANT'S GUILT OF CORRUPTING ANOTHER (A JUVENILE) WITH DRUGS AND TRAFFICKING IN COCAINE VIOLATED EVID.R. 609(D), EVID.R. 803(22) AND R.C. 2151.358(H), CONSTITUTED PLAIN ERROR, AND DEPRIVED APPELLANT OF HIS RIGHT TO

DUE PROCESS, RIGHT OF CONFRONTATION, AND RIGHT TO A FUNDAMENTALLY FAIR JURY TRIAL * * *."

**{¶20}** "THE COURT EXPOSED APPELLANT TO MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE IN VIOLATION OF HIS RIGHTS * * * WHEN IT FAILED TO MERGE THE GUILTY VERDICTS ON THE COUNTS OF CORRUPTING ANOTHER (A JUVENILE) WITH DRUGS, TRAFFICKING IN CRACK COCAINE, POSSESSION OF CRACK COCAINE, AND THE SCHOOL AND JUVENILE SPECIFICATIONS * * *."

**{¶21}** "THE SENTENCE WAS VOID, CONTRARY TO LAW AND AN ABUSE OF DISCRETION UNDER OHIO LAW DUE TO ITS FAILURE TO ADHERE TO *FOSTER* AND ITS LACK OF PROPORTIONALITY, AND THE SENTENCE VIOLATED THE APPELLANT'S RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT * * *."

**{¶22}** "APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL * * * [FOR FAILING TO OBJECT TO THE ISSUES RAISED IN ASSIGNMENTS OF ERROR TWO, THREE, FOUR, AND SEVEN]."

**{¶23}** These assignments of error are virtually identical to those raised in *Simmons 1*. Thus, we must dispose of them based on the doctrine of res judicata as dictated by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

**{¶24}** In that case, Fischer filed an appeal from his convictions for multiple felonies. His convictions were affirmed by the appellate court. Several years later, Fischer moved for resentencing after the Ohio Supreme Court issued *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250 (holding that a sentence that omits a statutorily mandated postrelease control term is void) arguing the trial court had not properly advised him about postrelease control. The trial court granted Fischer a resentencing hearing where it properly notified Fischer of his postrelease control obligations and re-imposed the remainder of Fischer's sentence.

**{¶25}** Fischer appealed asserting that because his original sentence was void, his first direct appeal was not valid and this appeal was actually his first direct

appeal where he was free to raise any and all issues relating to his conviction. The court of appeals disagreed, holding that Fischer's appeal was precluded under the law-of-the-case doctrine.

**{¶26}** The Ohio Supreme Court concluded that a direct appeal from a resentencing ordered pursuant to *Bezak*, supra, is not a first appeal as of right. *Fischer*, at ¶32. The Court then went through a discussion of void judgments, sentences that are contrary to law, and *Bezak*. The Court reaffirmed its holding in *Bezak* that, "'[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The court went on to modify *Bezak*, however, holding that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control" instead of an entirely new sentencing hearing. Id. at paragraph two of the syllabus; ¶¶28-29.

**{¶27}** The Court went on to find that because Fischer had already had the benefit of one direct appeal, he could not now raise any and all claims of error in a second, successive appeal. Id. at ¶33. Thus, the Court held:

**{¶28}** "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

**{¶29}** "The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraphs three and four of the syllabus.

**{¶30}** Like *Fischer's* sentence, appellant's sentence was only void as to the extent the trial court improperly advised him regarding his postrelease control obligation. The trial court recognized its error, granted appellant a resentencing hearing where it corrected its error, and re-imposed the same sentence. Now, on appeal, appellant is limited to raising issues that arose at the resentencing hearing.

Res judicata precludes him from raising any issues he raised, or could have raised, in his first direct appeal (*Simmons 1*).

**{¶31}** Because all of the issues in assignments of error one through nine and assignment of error eleven were raised in appellant's first direct appeal, *Fischer* and the doctrine of res judicata preclude any further review. Accordingly, appellant's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and eleventh assignments of error are meritless.

**{¶32}** The only assignment of error appellant asserts now that he did not assert in *Simmons 1* is his tenth assignment of error, which states:

**{¶33}** "THE COURT ERRED IN CONTRAVENTION OF RECENT U.S. SUPREME COURT PRECEDENT, *OREGON V. ICE*, BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING ALL THE REQUIRED STATUTORY FINDINGS PURSUANT TO R.C. §§ 2929.14(E)(4), 2929.41(A)."

**{¶34}** Here appellant argues that *Oregon v. Ice* (2009), 555 U.S. 160, has abrogated *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, wherein the Ohio Supreme Court excised as unconstitutional R.C. 2929.14(E)(4) and 2929.41(A), which required trial courts to make certain findings before imposing consecutive sentences. He contends that because the trial court did not make these findings, it could not sentence him to consecutive sentences.

**{¶35}** In *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutionality of an Oregon statute similar to Ohio's pre-*Foster* consecutive-sentencing statute. The Oregon statute upheld by the Supreme Court requires trial judges to make factual findings prior to imposing consecutive sentences.

**{¶36}** *Ice* was not decided until January 2009, several years after appellant's first appeal. Thus, he would not have raised this specific assignment of error then.

**{¶37}** But the issue is nonetheless barred by the doctrine of res judicata. This is because *Fischer* instructs us that on appeal from a resentencing judgment in which the only issue is the proper advisement of postrelease control, "only the offending

portion of the sentence is subject to review and correction." *Fischer*, 128 Ohio St.3d at ¶27. The "offending portion" of appellant's sentence was the trial court's incorrect statement that appellant's postrelease control term was discretionary when in fact it was mandatory. Consequently, we may now only consider whether the trial court corrected this error, which it did.

**{¶38}** Furthermore, even if we were to consider the merits of appellant's argument, the outcome would remain the same.

**{¶39}** The Ohio Supreme Court recently decided *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, wherein it held:

**{¶40}** "The United States Supreme Court's decision in *Oregon v. Ice* * * * does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster* * * *.

**{¶41}** "Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs two, and three of the syllabus.

**{¶42}** The *Hodge* Court acknowledged that *Ice* undermined some of the *Foster* reasoning that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment. Id. at ¶19. It even went so far as to note, "[h]ad we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster*, we likely would have ruled differently as to the constitutionality, and continued vitality, of our own state's consecutive-sentencing provisions." Id. at ¶20. But the *Hodge* Court also pointed out that the United States Supreme Court did not accept *Foster* for direct review and therefore *Ice* did not specifically overrule *Foster*. Id. at ¶18.

**{¶43}** Thus, the Ohio Supreme Court held that the judicial findings previously required in order to impose consecutive sentences are not required despite the United States Supreme Court's decision in *Ice*, supra.

**{¶44}** Accordingly, appellant's tenth assignment of error is meritless.

**{¶45}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.