[Cite as *State v. Gessner*, 2013-Ohio-3999.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 MA 182 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| TIMOTHY GESSNER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                               Court, Case No. 94CR91A.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
                               Prosecuting Attorney
                               Attorney Ralph Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503


For Defendant-Appellant:       Timothy Gessner, *Pro se*
                               #301-240
                               Grafton Correctional institution
                               2500 South Avon Belden Road
                               Grafton, Ohio  44044


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                               Dated:  August 30, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Timothy Gessner appeals the decision of the Mahoning County Common Pleas Court denying his motion for resentencing wherein he argued that his sentence was void because the aggravated murder and aggravated burglary charges were allied offenses of similar import which should have been merged at sentencing.

**{¶2}** The trial court found that appellant's motion was actually an untimely petition for post-conviction relief which contained no explanation for the untimeliness. The court also found that the merger issue was barred by the doctrine of res judicata as appellant could have raised it in his direct appeal.

**{¶3}** Appellant contends that the void sentence exception to these rules applies here. However, allied offense issues are not the type of errors that result in a void sentence. Rather, alleged merger errors would have resulted only in a voidable sentence, meaning that the matter should have been raised on direct appeal and cannot be raised nearly eighteen years after sentencing. The void sentence exception is thus inapplicable here. In accordance, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

**{¶4}** On October 20, 1993, Rose Bertolini, aged 72, was found beaten to death at her residence in Austintown. Her house had been ransacked, and her vehicle had been stolen. Later that evening, the police arrested appellant and two other seventeen year olds in connection with the murder. Appellant submitted a verbal and a written statement, confessing to the burglary.

**{¶5}** Appellant disclosed that he worked for the Bertolinis and planned the burglary days in advance, explaining that they fantasized about living "on the run" in Florida. He stated they broke into the home after retrieving the proper screwdrivers to fit the windows. They went through the house collecting valuables. He admitted that they then decided to wait for the Bertolinis to come home so they could get "credit card codes" from them. Although he said that he tried to talk the other two into leaving, he ended up staying with them to wait.

{¶6} He claimed that he did not plan on killing Mrs. Bertolini. However, he did admit that he told someone the night before the murder that he was going to break into a house and kill anyone who comes home. He also acknowledged that they did not wear masks as they waited for the residents to return home.

{¶7} Appellant said that when Mrs. Bertolini came home from work, Scott Camuso hit her in the back of the head with a baseball bat. He disclosed that they thought she was knocked out but then she started to moan so Scott Camuso continued to hit her multiple times with the bat. Appellant then dragged the victim to a back room, cleaned up the blood, and covered her face and body with a blanket. They were going to wait for the husband but then decided to leave. Appellant took the victim's keys and put the valuables in the trunk of her car. They drove the car to the woods behind a truck stop, hid the valuables in the woods, and called a friend for a ride at which time the police arrived to arrest them.

{¶8} Appellant was indicted on four counts: (1) aggravated murder in violation of R.C. 2903.01(A), which entails purposely causing a death with prior calculation and design; (2) aggravated murder in violation of R.C. 2903.01(B), which entails purposely causing a death while committing, attempting, or fleeing immediately after committing or attempting to commit certain offenses including aggravated burglary; (3) aggravated burglary in violation of R.C. 2911.11(A)(3); and (4) aggravated robbery in violation of R.C. 2911.01(A)(2). Death specifications were attached to the murder counts.

{¶9} Appellant pled guilty to the aggravated murder with prior calculation and design, and the state dismissed the alternative felony murder charge. Appellant also pled guilty to aggravated burglary and aggravated robbery. The state agreed to recommend 20 years to life for the murder and to stand silent on the other counts. (Appellant had been permitted to withdraw a prior guilty plea, and thus, this was his second plea).

{¶10} On November 22, 1994, appellant received a sentence of 20 years to life for aggravated murder, a consecutive sentence of 7 to 25 years for aggravated burglary, and a concurrent sentence of 7 to 25 years for aggravated robbery.

{¶11} At that time, appellant sought to withdraw his plea, complaining that the state's case summary was an ex parte communication which violated the agreement to stand silent on the burglary and robbery counts. The prosecutor responded by pointing out that the case summary existed in the state's file since the beginning, that it was available to the Adult Parole Authority during its presentence investigation, and that the court ordered the preparation of a pre-sentence investigation report. The trial court denied the motion, stating that the court did not read the prosecutor's case summary.

{¶12} In the direct appeal of his conviction, appellant raised one assignment of error, claiming that the trial court should have granted his second motion to withdraw his guilty plea. *State v. Gessner*, 7th Dist. No. 94CA225 (Aug. 14, 1996). This court overruled appellant's argument and affirmed appellant's conviction. *Id.*

{¶13} On June 28, 2012, nearly 18 years after sentencing, appellant filed a "Motion for De Novo Resentencing" urging that his sentence was void. Appellant cited the Supreme Court's 2010 ruling in *Johnson*, providing that the particular facts of the case shall be considered when comparing the elements of the two offenses to determine whether those offenses are allied. He said that considering the particular facts of his case, the aggravated burglary charge should have been merged with the aggravated murder charge because the aggravated murder conviction relied upon the existence of an aggravated burglary.

{¶14} The state filed a motion to dismiss, arguing that any allied offense issues are res judicata as they could have been raised in the direct appeal of the conviction. *See State v. Perry*, 10 Ohio St.2d 175, 180-181, 226 N.E.2d 104 (1967); *State v. West*, 7th Dist. No. 07JE26, 2009-Ohio-3347, ¶ 24 (issues that could have been raised in direct appeal are barred by res judicata from being raised in a post-conviction relief petition).

{¶15} The state alternatively reasoned that appellant's motion must be denied because it was an untimely post-conviction petition that failed to explain the late filing. *See* R.C. 2953.21(A)(2) (except as per R.C. 2953.23, a petition shall be filed no later than 180 days after the date on which the trial transcript is filed in the court of

appeals in the direct appeal); R.C. 2953.23(A)(1) (petitioner must show he was unavoidably prevented from discovering facts or that the United States Supreme Court recognized a new retroactive right and show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found him guilty).

**{¶16}** In reply, appellant did not dispute these general propositions but pointed out that if a conviction or sentence is void, the matter can be raised at any time and thus constitutes an exception to the post-conviction relief timelines and an exception to the doctrine of res judicata.

**{¶17}** On August 23, 2012, the trial court overruled appellant's motion, stating that it was without jurisdiction to consider an untimely filed petition that lacked any explanation for the delay. The court alternatively found the merger issue barred by res judicata because appellant could have raised it in his direct appeal (thus, essentially disagreeing that allied offense issues can void a conviction and sentence). Appellant filed a notice of appeal from that judgment entry, which this court previously ruled to be timely.

<u>ASSIGNMENT OF ERROR</u>

**{¶18}** Appellant's sole assignment of error provides:

**{¶19}** "THE OFFENSES OF AGGRAVATED MURDER IN COUNT ONE [AND] AGGRAVATED BURGLARY IN COUNT THREE WERE ALLIED OFFENSES OF SIMILAR IMPORT AND SHOULD MERGE FOR PURPOSES OF SENTENCING."

**{¶20}** Appellant relies on the Supreme Court's *Johnson* case in support of his contention that the conviction for aggravated burglary should have merged with his conviction for aggravated murder. The *Johnson* Court held that when considering whether two offenses are allied offenses subject to merger, the particular conduct of the accused must be considered in applying the first step involving the comparison of the elements. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus, overruling *State v. Rance*, 85 Ohio St.3d 632, 636 (which held that the elements must be viewed in the abstract without viewing the particular facts of the

case). Appellant understands the trial court's application of res judicata and the finding that his petition is untimely but argues that his case presents the void sentence exception to these principles. We point out at least three problems with appellant's position.

{¶21} First, contrary to a contention raised in appellant's motion for resentencing, he was not convicted of the aggravated felony murder count of the indictment. That is, he pled to the first count of aggravated murder involving prior calculation and design. *See* R.C. 2903.01(A). The aggravated murder count involving purposely causing a death during a burglary was dismissed. Although he also pled to the specifications attached to the count (one of which dealt with the fact that the murder was committed during an aggravated burglary), had this specification been absent, he would have received the same sentence on the aggravated murder, 20 years to life. *See* former R.C. 2903.01(C) (aggravated murder punished under R.C. 2929.02); former R.C. 2929.02(A) (after convicted of aggravated murder, defendant shall be sentenced to life or death {except no death if under 18 at time of offense}); former R.C. 2929.03(A) (20 to life if no specifications). As the aggravated murder itself was not based upon the aggravated burglary, the premise behind appellant's merger argument is flawed.

{¶22} Second, the change effected by the *Johnson* case does not affect appellant's 1994 sentence as he contends. That is, *Johnson* changed the 1999 *Rance* test. However, *Rance* was not the test at the time appellant was sentenced in 1994. At the time appellant was sentenced, the Supreme Court did permit evaluation of the facts of the particular case in comparing the elements of the offenses. *See Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520 ("the elements of these two crimes are so similar that the commission of one offense necessarily results in the commission of the other offense as applied to the facts of this case."). The Court specifically pointed out this history of the allied offense case law in its *Johnson* case. *Johnson*, 128 Ohio St.3d at 157.

{¶23} Third, errors in merging charges are not jurisdictional and do not result in void convictions or sentences. A void sentence is one imposed by a court that

lacks subject matter jurisdiction or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. If the court has both jurisdiction and authority to act but imposes the sentence in an invalid, irregular, or erroneous manner, then the sentence is merely voidable rather than void. *Id. See also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12 (and noting that sentencing errors are generally not jurisdictional)

**{¶24}** The Supreme Court has stated that allied offense claims are non-jurisdictional and are thus barred by the doctrine of res judicata where they could have been raised on direct appeal. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11. The Supreme Court recently reiterated this holding when it affirmed the dismissal of a request for a writ seeking redress for an allied offense violation. *State ex rel. Hudson v. Situla*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1. The Court declared that a defendant has an adequate remedy for any allied offense issues by way of his prior appeal. *Id.* And, the Court cited *Voorhies* for the proposition that allied offense claims are non-jurisdictional. *Id. See also State ex rel. Koller v. Sutula*, 132 Ohio St.3d 524, 2012-Ohio-3834, 974 N.E.2d 1202, ¶ 1 (dismissing a request for a writ on the grounds that "allied offense claims are nonjurisdictional").

**{¶25}** Lastly, this court has previously concluded that a defendant's sentence is not void merely because there may be merger errors. *See, e.g., State v. Simmons*, 7th Dist. No. 06JE4, ¶ 14-15 (January 8, 2013 J.E.) (reconsideration denied); *State v. McCall*, 7th Dist. No. 12MA57, 2012-Ohio-5604, ¶ (allegation regarding a similar failure to merge firearm specifications cannot be raised in an untimely post-appeal motion in the trial court), citing *State v. Barber*, 2d Dist. No. 24770, 2012-Ohio-2332, ¶ 15 (failure to comply with R.C. 2941.25 renders sentence merely voidable, not void). *See also Billiter v. Banks*, 7th Dist. No. 12NO397, 2012-Ohio-4556, ¶ 6-7 (sentencing errors based on the argument that the trial court failed to consider whether offenses were allied are not jurisdictional and res judicata bars allied offense argument as it could have been raised in direct appeal). We have explained that an alleged misapplication of a statute based upon the factual background of a

defendant's particular case is not a claim that the sentence is facially invalid or that the court lacks statutory authority to proceed but is merely a claim that the conviction and sentence are voidable. *McCall*, 7th Dist. No. 12MA57 at ¶ 22-23.

**{¶26}** Accordingly, appellant's sole argument that his sentence was void (and thus his motion falls under an exception to the post-conviction relief timelines and the res judicata doctrine) is without merit. In other words, because a purported allied offense error would not void a conviction and sentence, there is no reason to refuse to apply the res judicata doctrine and the post-conviction relief petition timelines here. Appellant's sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.