[Cite as *State v. Simmons*, 2014-Ohio-1014.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 JE 15 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL SIMMONS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from the Court of
Common Pleas of Jefferson County,
Ohio
Case No. 05 CR 130

JUDGMENT:  Affirmed.

APPEARANCES:

For Plaintiff-Appellee:  Atty. Jane M. Hanlin
Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant:  Michael Simmons, Pro se
#491-890
Warren Correctional Institution
5787 State Route 63
P.O. Box 120
Lebanon, Ohio 45036

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 13, 2014

WAITE, J.

{¶1} Appellant Michael Simmons appeals the judgment of the Jefferson County Court of Common Pleas overruling a motion to vacate his sentence. Appellant argues that three of his four convictions were allied offenses of similar import and should have merged, and that his sentence is therefore void. Appellant bases his argument on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Appellant's arguments are not persuasive. First, errors in determining allied offenses do not result in a void sentence. *State v. Gessner*, 7th Dist. No. 12 MA 182, 2013-Ohio-3999, ¶25. Second, any errors Appellant may have raised regarding allied offenses are now *res judicata* due to Appellant's many prior appeals in this case. Appellant appealed his original sentence in 2006, and did not raise this issue. Nor did Appellant raise the issue in his second appeal in 2007, a prior motion to vacate his sentence, or in a prior postconviction relief petition. This present appeal is based on yet another motion to vacate filed on May 17, 2013, which again raised sentencing errors and which was also denied. It is in this last motion that Appellant raised for the first time the issue of alleged allied offenses errors. Based on the principles of *res judicata* his assignment of error is overruled and the judgment of the trial court is affirmed.

### Brief History of the Case

{¶2} The facts of this case were set out at length in *State v. Simmons*, 7th Dist. No. 06-JE-4, 2007-Ohio-1570 (*Simmons 1*), ¶2-3. On August 11, 2005, Appellant sold crack cocaine to a confidential informant. The sale took place less than 500 feet from Steubenville High School, and there was a juvenile in the

passenger seat of Appellant's vehicle at the time of the sale. Appellant was subsequently convicted by the jury on one count of corrupting a minor, a first-degree felony in violation of R.C. 2925.02(A)(4)(c)(C)(1), with a specification that the offense was committed in the vicinity of a school; one count of trafficking in crack cocaine in an amount that equals or exceeds one gram but is less than five grams, a third-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(c), with a specification that the offense was committed in the vicinity of a school or a juvenile; one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1); and one count of possession of crack cocaine in an amount that equals or exceeds one gram but is less than five grams, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(4)(b).

{¶3} In a judgment entry filed January 13, 2006, the trial court sentenced Appellant to a total of 15 years in prison (eight years for corrupting a minor, three years for trafficking in crack cocaine, three years for tampering with evidence, and 12 months for possession of crack cocaine). Appellant appealed, and we affirmed his conviction but vacated his sentence and remanded the matter for resentencing based on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Simmons 1* at ¶174. On remand, the trial court held a resentencing hearing. On April 19, 2007, the court imposed the same 15-year sentence. Appellant filed an appeal from this resentencing judgment, and the sentence was affirmed. *State v. Simmons*, 7th Dist. No. 07-JE-22, 2008-Ohio-3337 (*Simmons 2*).

{¶4} On October 26, 2006, Appellant filed a petition for postconviction relief. The trial court overruled the petition on May 8, 2007 and the judgment was not appealed.

{¶5} On December 11, 2009, Appellant filed a motion to vacate his sentence due to errors in the imposition of postrelease control. On January 27, 2010, the court reissued the conviction and sentence to correct any errors regarding postrelease control language. Appellant filed another appeal, and the sentence was affirmed. *State v. Simmons*, 7th Dist. No. 10-JE-4, 2011-Ohio-2625 (*Simmons 3*).

{¶6} On May 17, 2013, Appellant filed yet another motion to vacate his sentence, this time on the theory that the trial court failed to merge allied offenses pursuant to R.C. 2941.25 as interpreted by *Johnson*. The trial court denied the motion on May 22, 2013. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

The court of common pleas committed plain error and exposed Defendant-Appellant to multiple punishments for the same offense in violation of his rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution when it failed to merge the guilty verdicts on the counts of corrupting another w/ drugs, trafficking in crack cocaine, and possession of crack cocaine pursuant to R.C.2941.25 and, instead, entered separate convictions and consecutive prison terms thereon.

{¶7} Appellant argues that the trial court exposed him to multiple punishments for the same offense by not merging his convictions as allied offenses pursuant to R.C. 2941.25 and *State v. Johnson, supra.* "Allied offenses" are defined by R.C. 2941.25, which provides: "Where the same conduct by defendant can be

construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Determining whether offenses are allied within the meaning of the statute is a two-step process. A court must first determine whether, when the elements of the two crimes are compared, the elements "correspond to such a degree that the commission of one crime will result in the commission of the other." *State v. Rance*, 85 Ohio St.3d 632, 638, 710 N.E.2d 699 (1999) (reversed on other grounds). When conducting this analysis a court must consider both the elements of the offenses and the conduct of the accused. *Johnson*, *supra*, at paragraph one of the syllabus. If the two crimes are allied offenses, then the court must consider whether the offenses were committed separately, or if the defendant has separate animus for each offense.

{¶8} An argument raising the merger of allied offenses is essentially a double jeopardy argument. "R.C. 2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *Johnson* at ¶45. A motion to vacate on double jeopardy grounds subsequent to a direct appeal is typically treated as a petition for postconviction relief. *State v. Sturdivant*, 8th Dist. No. 98747, 2013-Ohio-584, ¶7. When the issue is framed as an assertion that the sentence is void due to lack of subject matter jurisdiction, even if the specific issue at hand is a failure to merge allied offenses, the rules governing postconviction relief are sidestepped and the voidness question is immediately addressed. This is presumably due to the fact that a void judgment may be challenged at any time. *State v. Billiter*, 134 Ohio St.3d 103,

2012-Ohio-5144, 980 N.E.2d 960, ¶7. Appellant has alleged that his sentence is void under R.C. 2941.25. Appellant is mistaken.

{¶9} We have held that "errors in merging charges are not jurisdictional and do not result in void convictions or sentences." *State v. Gessner*, 7th Dist. No. 12 MA 182, 2013-Ohio-3999, ¶23. That said, failure to properly merge allied offenses could result in a sentence that is potentially voidable rather than void *ab initio*, but voidable errors must be raised on direct appeal or else they are waived. *Id.* at ¶23-24; *see also, State v. Norris*, 7th Dist. No. 11 MO 4, 2013-Ohio-866. Allied offense claims are barred by the doctrine of *res judicata* where they could have been raised on direct appeal and were not. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶10-11; *see also, Billiter v. Banks*, 7th Dist. No. 12NO397, 2012-Ohio-4556, ¶6-7. A defendant has an adequate remedy for any errors relating to allied offenses by way of direct appeal. *Id.* This record reflects that Appellant could have raised his allied offense argument on direct appeal, in his prior motions to vacate, or in his prior petition for postconviction relief. Therefore, the error he raises is *res judicata*. His assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.