[Cite as *State v. Simmons*, 2014-Ohio-4163.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 JE 40 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MICHAEL SIMMONS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas Court, Case No. 05 CR 130.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Jane Hanlin
Jefferson County Prosecutor
Jefferson County Justice Center
16001 State Route 7
Steubenville, OH 43952
No Brief Filed

For Defendant-Appellant:      Michael Simmons, Pro-se
#491-890
Warren Correctional Institution
P.O. Box 120
Lebanon, OH 45036

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 19, 2014

[Cite as *State v. Simmons*, 2014-Ohio-4163.]
DeGenaro, P.J.

{¶1} Appellant Michael Simmons appeals the judgment of the Jefferson County Court of Common Pleas overruling his petition to vacate or set aside sentence, arguing that his trial counsel was ineffective. Any issue regarding his trial counsel's effectiveness is res judicata. Simmons appealed his original sentence in 2006 and raised this issue at that time, albeit for a different reason. Based on the principles of res judicata his assignment of error is meritless and the judgment of the trial court is affirmed.

{¶2} The facts of this case were detailed in *State v. Simmons,* 7th Dist. No. 06 JE 4, 2007-Ohio-1570, ¶2-3 (*Simmons I*). On August 11, 2005, Simmons sold crack cocaine to a confidential informant. The sale took place less than 500 feet from Steubenville High School, and there was a juvenile in the passenger seat of Simmons' vehicle at the time of the sale.

{¶3} Simmons was subsequently convicted by the jury on one count of corrupting a minor, R.C. 2925.02 (A)(4)(c) & (C)(1), a first-degree felony with a specification that the offense was committed in the vicinity of a school; one count of trafficking in crack cocaine in an amount that equals or exceeds one gram but is less than five grams, R.C. 2925.03(A)(1) & (C)(4)(c), a third-degree felony with a specification that the offense was committed in the vicinity of a school or a juvenile; one count of tampering with evidence, R.C. 2921.12(A)(1) a third-degree felony; and one count of possession of crack cocaine in an amount that equals or exceeds one gram but is less than five grams, R.C. 2925.11(A) & (C)(4)(b) a fourth-degree felony.

{¶4} In a judgment entry filed January 13, 2006, the trial court sentenced Simmons to a total of 15 years in prison (eight years for corrupting a minor, three years for trafficking in crack cocaine, three years for tampering with evidence, and 12 months for possession of crack cocaine). Simmons appealed, and this court affirmed his conviction but vacated his sentence and remanded the matter for resentencing based on *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Simmons I* at ¶174. On remand, the trial court held a resentencing hearing. On April 19, 2007, the trial court imposed the same 15-year sentence, which Simmons appealed, and the sentence was affirmed. *State v. Simmons,* 7th Dist. No. 07 JE 22, 2008-Ohio-3337.

**{¶5}** On October 26, 2006, Simmons filed a petition for post-conviction relief. The trial court overruled the petition on May 8, 2007 and the judgment was not appealed. On December 11, 2009, Appellant filed a motion to vacate his sentence due to errors in the imposition of post-release control. On January 27, 2010, the trial court reissued the conviction and sentence to correct any errors regarding post-release control language, Simmons appealed, and the sentence was affirmed. *State v. Simmons,* 7th Dist. No. 10-JE-4, 2011-Ohio-2625.

**{¶6}** On May 17, 2013, Simmons filed another motion to vacate sentence, this time on the theory that the trial court failed to merge allied offenses pursuant to R.C. 2941.25 as interpreted by *Johnson.* The trial court denied the motion on May 22, 2013. Based upon *res judicata* this court affirmed the judgment of the trial court. *State v. Simmons,* 7th Dist. No. 13 JE 15, 2014-Ohio-1014.

**{¶7}** On September 18, 2013, Simmons again filed a petition to vacate or set aside judgment in the trial court, which was overruled on November 27, 2013.

**{¶8}** In his sole assignment of error, Simmons asserts:

**{¶9}** "The trial court abused it's (sic) discretion when it rejected Appellant's petition to vacate his convictions because of his counsels (sic) ineffectivenesss."

**{¶10}** Although Simmons' brief is unclear on appeal, the motion filed in the trial court indicates Simmons believes his trial counsel was ineffective because he did not review the plea agreement with him. Simmons further states in his attached affidavit that had he known about the plea deal he would have taken it. This is in direct contravention to the arguments raised in *Simmons I.* In his direct appeal one of the reasons Simmons argued that his trial counsel was ineffective was because trial counsel advised him to plead, but Simmons thought he had a good case. *Simmons I* at ¶14. This court continued:

> Counsel met with appellant on various occasions. They discussed the elements of the charges and the evidence. They met to watch the videotapes and listen to the audiotapes. Counsel spoke with appellant's

mother and aunt. Counsel reviewed the offered plea bargain with its attendant benefits and risks. Counsel subpoenaed the one witness provided by appellant and prepared a defense involving attacking the informant's credibility. Communication concerning the case occurred and was even attempted to be extended by counsel. Substitution was not required in this case. (emphasis added)

*Simmons I* at ¶23.

{**¶11**} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{**¶12**} The issue of trial counsel's effectiveness relative to Simmons' entering a plea was raised and resolved in his direct appeal. Based upon the principle of res judicata, Simmons' assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.