[Cite as *State v. Simmons*, 2016-Ohio-7022.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 07 JE 0022 |
| VS. | ) | |
| | ) | OPINION |
| MICHAEL SIMMONS | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Motion for Reconsideration
                              Application for Reopening

JUDGMENT:                     Denied

APPEARANCES:
For Plaintiff-Appellant       Attorney Jane Hanlin
                              Jefferson County Prosecutor
                              16001 State Route 7
                              Steubenville, Ohio 43952

For Defendant-Appellee        Michael Simmons, Pro-Se
                              Inmate No. A491890
                              Toledo Correctional Institution
                              P.O. Box 80033
                              2001 East Central Avenue
                              Toledo, Ohio 43608

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                              Dated:  September 26, 2016

PER CURIAM.

{¶1}   On August 24, 2016, Michael Simmons filed an enlargement of time to file pursuant to App.R. 14(B), an application for reconsideration pursuant to App.R. 26, and an application for reopening pursuant to App.R. 26(B).

{¶2}   The facts of this case were detailed in State v. Simmons, 7th Dist. No. 06 JE 4, 2007–Ohio–1570, ¶ 2–3 (Simmons I). On August 11, 2005, Simmons sold crack cocaine to a confidential informant. The sale took place less than 500 feet from Steubenville High School, and there was a juvenile in the passenger seat of Simmons' vehicle at the time of the sale. Since that time Simmons has filed numerous unsuccessful motions and applications.

{¶3}   Regarding Simmons' request to reopen, App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Simmons has failed to meet this deadline. Our opinion in his appeal from the 2007 resentencing was journalized on June 24, 2008. Simmons filed this application for reopening on August 24, 2016, well after the deadline expired. Thus, we can only review the merits of Simmons' application if he can establish good cause for his untimely filing.

{¶4}   Simmons asserts that the delay in filing was because he "has only been allowed access to legal services since December 29, 2015, due to placement in level 4-B in ODRC." This does not constitute good cause. As this Court previously stated, "The fact that Simmons was incarcerated or untrained in the law does not establish good cause either." State v. Simmons, 7th Dist. No. 07 JE 22, 2013–Ohio–1013, ¶ 11 (internal citations omitted).

{¶5}   Turning to the application for reconsideration, Simmons argues that he was denied effective assistance of counsel because his attorney did not request merger of his convictions at sentencing. This argument is res judicata as Simmons previously raised this same issue and it was rejected by this Court:

"[A]ny errors Appellant may have raised regarding allied offenses are

now res judicata due to Appellant's many prior appeals in this case. Appellant appealed his original sentence in 2006, and did not raise this issue. Nor did Appellant raise the issue in his second appeal in 2007, a prior motion to vacate his sentence, or in a prior postconviction relief petition."

*State v. Simmons*, 7th DIst. No. 13 JE 15, 2014-Ohio-1014, ¶ 1.

{¶6} Because Simmons has failed to establish good cause for the delay in filing for reopening his appeal, his application for reopening is denied. Further his application for reconsideration is res judicata and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Donofrio, P.J., concurs.

Waite, J., concurs.