[Cite as *State v. Simmons*, 2017-Ohio-647.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 JE 0019 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL SIMMONS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Jefferson County,
                             Ohio
                             Case No. 05 CR 130

JUDGMENT:                    Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Jane Hanlin
                             Assistant Prosecutor
                             Bruzzese & Calabria
                             P.O. Box 1506
                             100 North Fourth Street, 10th Floor
                             Steubenville, Ohio 43952
                             No Brief Filed

For Defendant-Appellant:      Michael Simmons, *pro se*
                             #491-890
                             2001 East Central Avenue
                             P.O. Box 80033
                             Toledo, Ohio 43608

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                             Dated: April 4, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Michael Simmons appeals the decision of Jefferson County Common Pleas Court denying his motion for correction of an illegal sentence. Appellant argues the trial court's decision is incorrect. He was convicted of drug trafficking, which at the time of his sentence and conviction required a mandatory driver's license suspension. The trial court, however, did not suspend his license. Recently, the Ohio Supreme Court has held, "when a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 18. "[R]esentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *Id.*

{¶2} Therefore, on the basis of *Harris*, the trial court's decision is reversed and the matter is remanded for resentencing. Upon remand the trial court is instructed to apply the current version of R.C. 2925.03. Under the current version of the statute, Appellant is subject to a discretionary driver's license suspension, not a mandatory driver's license suspension. Resentencing is limited only to the driver's license suspension issue.

Statement of the Case

{¶3} The history of this case involves multiple trial court filings and multiple appeals that all stem from Appellant's conduct on August 11, 2005. The facts are detailed in *State v. Simmons*, 7th Dist. No. 06 JE 4, 2007-Ohio-1570, ¶ 2-3 (*Simmons I*). In January 2005, a jury found Appellant guilty of corrupting a minor with drugs, drug trafficking, tampering with evidence, and possession of drugs. *Id.* at ¶ 6-7. The corruption and trafficking charges carried attendant specifications alleging the crimes occurred within the vicinity of a school; Appellant was found guilty of both of those specifications. *Id.* at ¶ 4, 7. The trial court sentenced Appellant to a 15-year aggregate sentence and stated he "may" be subject to postrelease control. *Id.* at ¶ 7. Appellant appealed; the conviction was affirmed, however, pursuant to the mandates in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the sentence was vacated and the matter remanded for resentencing. *Simmons I* at ¶ 29-34, 174.

**{¶4}** Appellant was resentenced and received the same aggregate 15-year sentence and postrelease control advisement. *State v. Simmons*, 7th Dist. No. 07 JE 22, 2008-Ohio-3337, ¶ 3 (*Simmons II*). Appellant appealed arguing the sentence violated the ex post facto clause and due process clause of the constitution. *Id.* at ¶ 5. We found no merit with the arguments and affirmed the sentence. *Id.* at ¶ 7-32.

**{¶5}** In December 2009, Appellant filed a motion to vacate his sentence and requested a new sentencing hearing. He argued the trial court improperly imposed postrelease control, and as such, the sentence was void. *State v. Simmons*, 7th Dist. NO. 10-JE-4, 2011-Ohio-2625, ¶ 9 (*Simmons III*). The trial court found it improperly imposed postrelease control and granted the motion. *Id.* at ¶ 10. It held a new sentencing hearing and once again imposed the aggregate 15-year sentence. *Id.* However, as to the postrelease control advisement, the trial court stated Appellant "shall" be subject to a period of postrelease control. *Id.*

**{¶6}** Appellant appealed. In *Simmons III*, Appellant raised many of the same arguments that were raised, addressed, and disposed of in *Simmons I*. *Id.* at ¶ 23. Those arguments were barred by the doctrine of res judicata. *Id.* at ¶ 30-31, 37, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. We explained the trial court correctly determined it had given an improper advisement on postrelease control and appropriately resentenced Appellant. *Simmons III* at ¶ 30, 37. The only portion of Appellant's sentence rendered void by the improper advisement on postrelease control was postrelease control. *Id.* An appeal from a resentencing judgment in which the only issue is the proper advisement of postrelease control is limited to that advisement. *Id.* The trial court properly advised Appellant on postrelease control at the resentencing hearing. *Id.* at ¶ 37. Thus, there was no basis to reverse the sentence imposed, and the sentence was affirmed. *Id.* at ¶ 45.

**{¶7}** Following that decision, in December 2012, Appellant filed an application for reopening. *State v. Simmons*, 7th Dist. No. 07 JE 22, 2013-Ohio-1013, ¶ 6 (*Simmons IV*). Appellant failed to demonstrate good cause for the untimeliness of the application, and thus, the application was denied. *Id.* at ¶ 1, 13.

**{¶8}** On September 14, 2011 and June 14, 2012, Appellant filed a motion for additional jail-time credit. *State v. Simmons*, 7th Dist. No. 13 JE 2, 2013-Ohio-5282, ¶ 11, 13 (*Simmons V*). The trial court overruled both motions on September 15, 2011. *Id.* at ¶ 12, 14. Appellant filed an appeal from those rulings; the appeal was sua sponte dismissed as untimely. *Id.* at ¶ 16.

**{¶9}** On December 3, 2012, Appellant filed another motion to correct sentence. *Id.* at ¶ 17. The trial court denied the motion. *Id.* at ¶ 18. Appellant timely appealed that decision. *Id.* at ¶ 21. We found no merit with the *Simmons V* appeal; the issues raised were barred by the doctrine of res judicata. *Id.* at ¶ 33-35.

**{¶10}** On May 17, 2013 Appellant filed another motion to vacate his sentence. He argued the trial court failed to merge allied offenses. *State v. Simmons*, 7th Dist. No. 13 JE 15, 2014-Ohio-1014, ¶ 6 (*Simmons VI*). He asserted the sentence was void. *Id.* at ¶ 8. We held his argument lacked merit; errors in merging charges do not result in void convictions or sentences, as such the allied offense claims were barred by the doctrine of res judicata because they could have been raised in the direct appeal. *Id.* at ¶ 9. The trial court's decision to deny the motion to vacate was affirmed. *Id.*

**{¶11}** On September 18, 2013, Appellant filed a motion to vacate asserting trial counsel was ineffective for failing to review an offered plea with him. *State v. Simmons*, 7th Dist. No. 13 JE 40, 2014-Ohio-4163, ¶ 10 (*Simmons VII*). The trial court denied the motion, and Appellant appealed the decision. *Id.* at ¶ 7. In *Simmons VII* we affirmed the trial court's decision explaining his argument was in direct contravention to the arguments raised in *Simmons I* and, regardless, the issue was barred by res judicata. *Id.* at ¶ 12.

**{¶12}** On August 24, 2016, Appellant filed a motion for enlargement of time to file an application for reopening, and an application for reconsideration. *State v. Simmons*, 7th Dist. No. 07 JE 0022, 2016-Ohio-7022, ¶ 1 (*Simmons VIII*). The motion for enlargement and the application for reopening were denied because Appellant failed to demonstrate good cause for the delay. *Id.* at ¶ 4. The application

for reconsideration was also denied because it was barred by the doctrine of res judicata. *Id.* at ¶ 6.

**{¶13}** This brings us to the filing appealed in this case. On May 9, 2016, Appellant filed a motion to correct an illegal sentence. He argued the sentence he received for the crimes committed on August 11, 2005 was void because the trial court did not sentence him to a mandatory driver's license suspension. He cited *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, in support of his motion.

**{¶14}** Upon review of the motion and record, the trial court denied the motion. 7/20/16 J.E. Appellant timely appealed the decision.

<u>Assignment of Error</u>

**{¶15}** Appellant's sole assignment of error provides:

"The trial court abused its discretion when it denied Appellant's motion for correction of an illegal sentence."

**{¶16}** Appellant's appellate argument is the same argument he asserted to the trial court. He asserts his drug trafficking conviction requires a mandatory driver's license suspension and the trial court did not suspend his license. Pursuant to *Harris*, he argues the failure to suspend his license renders his sentence void and he is required to be resentenced.

**{¶17}** Factually, his argument is sound. Appellant was convicted of drug trafficking under R.C. 2925.03(A)(1)(C)(4)(c). At the time of his sentencing and resentencing, R.C. 2925.03(D) stated, in addition to any prison term authorized by R.C. 2925.03(C), the sentencing court "shall" do all of the following that are applicable regarding the offender who is convicted of or pleads guilty to R.C. 2925.03(A). R.C. 2925.03(D) (version in effect at January 2006 sentencing, April 2007 resentencing and January 2010 resentencing). Subsection (2) stated, "the court shall suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section." R.C. 2925.03(D)(2) (version in effect at January 2006 sentencing, April 2007 resentencing, and January 2010 resentencing). Section (G) stated, "[w]hen required under division (D)(2) of this

section * * *, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter."   R.C. 2925.03(G) (version in effect at January 2006 sentencing, April 2007 resentencing, and January 2010 resentencing).

**{¶18}** Consequently, the trial court was required to sentence him to a mandatory license suspension.  The trial court did not impose a mandatory license suspension at the January 2006 sentencing, the April 2007 resentencing, or the January 2010 resentencing.

**{¶19}** The Ohio Supreme Court has held the trial court's failure to include a mandatory driver's license suspension in a criminal sentence renders the sentence void in part.  *Harris*, 2012-Ohio-1908, ¶ 15, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.  It is a "well-established principle that a court acts contrary to law if it fails to impose a statutorily required term as part of an offender's sentence."  *Harris*.  The Court then, following the logic in *Fischer*, stated, "when a trial court fails to include a mandatory driver's license suspension as a part of an offender's sentence, that part of the sentence is void" and resentencing is limited to the imposition of the mandatory driver's license suspension.  *Id.* at ¶ 18.  That likewise means when an offender appeals the resentencing based on the mandatory driver's license suspension, the appeal is limited to only the imposition of the driver's license suspension.  *See Simmons III*, 2011-Ohio-2625, ¶ 37 (Appeal of imposing postrelease control on resentencing was limited to imposition of postrelease control. All other issues were barred by res judicata.).

**{¶20}** Appellant did not raise the failure to impose the mandatory license suspension in any of his many motions to correct the sentence, applications for reconsideration, and applications for reopening.  The May 9, 2016 motion was the first motion raising this issue.  The failure to raise this issue in any of the prior motions or appeals does not render the issue barred by the doctrine of res judicata.  In *Fischer*, the Court stated "the doctrine of res judicata does not preclude review of a void sentence."  *Fischer*, 2010-Ohio-6238 at paragraph 3 of the syllabus.  In both

*Fischer* and *Harris*, the Court indicated only the void portion of the sentence is reviewable. *Harris*, 2012-Ohio-1908 at ¶ 18; *Fischer* at paragraph 4 of the syllabus. Therefore, res judicata does not bar Appellant from arguing the trial court failed to impose a mandatory driver's license suspension. However, only the suspension portion of the sentence is reviewable.

{¶21} Considering the *Harris* decision, at the time the trial court ruled on Appellant's motion there was merit with the argument. The statutory language of R.C. 2925.03(D) and (G) cited above was still in effect when the trial court ruled on the motion; when the trial court ruled on the motion, R.C. 2925.03 required a mandatory driver's license suspension for a violation of R.C. 2925.03(A). Therefore, at that time the trial court erred when it failed to grant the motion. Accordingly, the trial court's decision is reversed and the matter is remanded for resentencing pursuant to *Harris*.

{¶22} Upon remand, the trial court should be aware R.C. 2925.03 has been amended. On September 14, 2016, the following version of R.C. 2925.03(D) and (G) became effective:

> (D) In addition to any prison term authorized or required by division (C) of this section * * * the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section may suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section. However, if the offender pleaded guilty to or was convicted of a violation of section 4511.19 of the Revised Code or a substantially similar municipal ordinance or the law of another state or the United States arising out of the same set of circumstances as the violation, the court shall suspend the offender's driver's or commercial driver's license or permit in accordance with division (G) of this section. If applicable, the court also shall do the following:
>
> * * *

(G)(1) If the sentencing court suspends the offender's driver's or commercial driver's license or permit under division (D) of this section or any other provision of this chapter, the court shall suspend the license, by order, for not more than five years. If an offender's driver's or commercial driver's license or permit is suspended pursuant to this division, the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed or from the day on which the offender finally was released from a prison term under the sentence, whichever is later, may file a motion with the sentencing court requesting termination of the suspension; upon filing of such a motion and the court's finding of good cause for the termination, the court may terminate the suspension.

(2) Any offender who received a mandatory suspension of the offender's driver's or commercial driver's license or permit under this section prior to the effective date of this amendment may file a motion with the sentencing court requesting the termination of the suspension. However, an offender who pleaded guilty to or was convicted of a violation of section 4511.19 of the Revised Code or a substantially similar municipal ordinance or law of another state or the United States that arose out of the same set of circumstances as the violation for which the offender's license or permit was suspended under this section shall not file such a motion.

Upon the filing of a motion under division (G)(2) of this section, the sentencing court, in its discretion, may terminate the suspension.

R.C. 2925.03(D) and (G).

{¶23} This amendment removes the mandatory nature of a driver's license suspension, except for a limited exception. In other words, a violation of R.C. 2925.03(A) carries a discretionary driver's license suspension, unless the offender is convicted of or pleads guilty to a violation of R.C. 4511.19 arising out of the same set

of circumstances as the violation of R.C. 2925.03(A).  In Appellant's case, under this amendment, he would not be subject to the mandatory driver's license suspension.

**{¶24}** This amendment applies to Appellant.  R.C. 1.58(B) states, "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."  The 2016 amendment to R.C. 2025.03 reduces the penalty; there is no longer an across the board mandatory driver's license suspension for a violation of R.C. 2925.03(A).  Furthermore, in this instance, the mandatory driver's license suspension was not imposed.

**{¶25}**  Therefore, at resentencing the trial court is instructed to apply the 2016 amendment to R.C. 2925.03.  Appellant is not subject to a mandatory driver's license suspension, rather he is now subject to a discretionary license suspension.  Pursuant to *Harris*, resentencing is limited to the trial court determining whether to impose a discretionary driver's license suspension.

**{¶26}** In conclusion, the sole assignment of error is sustained.  The trial court's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

Donofrio, J.,concurs.

Waite, J., concurs.